UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS MENEFEE, | ) | CASE NO.: 5:19-CV-02454 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN DAVID W. GRAY, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 17) filed by Petitioner Dennis Menefee. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R concludes that Petitioner's claims are procedurally defaulted. The R&R states as follows:

1

> As noted above, Mr. Menefee did not timely appeal the trial court's July 31, 2017 final judgment entry to the Fifth District by August 30, 2017. Failure to timely appeal to the Court of Appeals constitutes a procedural default. See *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be fairly presented at every stage of the state appellate process."). As the Supreme Court recently had occasion to reiterate:
>
>> A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures. When the prisoner has failed to do so, and the state court would dismiss the claim on that basis, the claim is procedurally defaulted.
>
> *Shinn v. Ramirez*, 142 S. Ct. 1718, 1727–28 (2022).
>
> Although Mr. Menefee did seek leave to pursue an untimely appeal pursuant to Rule 5 of the Ohio Rules of Appellate Procedure, the Fifth District denied his request. And the Sixth Circuit has held that when a state court of appeals denies a request for an untimely appeal, procedural default still applies. See *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) ("Petitioner's failure to promptly file his Rule 5(A) motion constituted procedural default. This Court is therefore foreclosed from considering Petitioner's habeas claims."). So, Mr. Menefee's request for an untimely appeal does not save his Petition from procedural default.
>
> Mr. Menefee cannot overcome procedural default because he has not established cause for the default and prejudice resulting therefrom, or that a fundamental miscarriage of justice will occur if his claims are not considered.

Doc. 17, p. 25-26.

Petitioner asserts four objections to the R&R, only one of which arguably challenges the dispositive conclusion that his claims were procedurally defaulted. Doc. 18. Specifically, Petitioner contends, in relevant part, that "I waited for my attorney to file the appeals concerning this issue which he never did, I was forced to attempt to file delayed appeals at this time." Doc. 18, p. 2.

To this issue, the R&R explains:

> But Mr. Menefee does not provide any corroboration that he ever instructed trial counsel to file a notice of appeal or to request the appointment of appellate counsel. Furthermore, his plea agreement contains a specific

> acknowledgment that he knowingly, intelligently and voluntarily waive[d]" his right to appeal his convictions and sentences. (ECF #9-1 at PageID 149). And, under Ohio Revised Code § 2953.08(D), a sentence may not be reviewed on appeal "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Mr. Menefee's plea agreement specifically noted his "understand[ing] that there will be an agreed upon sentence, jointly recommend[ed] to the Court by myself and the State of Ohio," and the actual sentence imposed was consistent with the parties' joint recommendation, thereby triggering § 2953.08(D)'s bar to reviewability. Under these factual circumstances, it could not be ineffective assistance of counsel for Mr. Menefee's trial counsel to have abstained from filing an appeal where the merits could not be considered. See *Craig v. Moore*, No. 1:07–cv–67, 2008 WL 339628, at *3–4 (S.D. Ohio Feb. 6, 2008) ("[T]he Sixth Amendment right to effective assistance of counsel on appeal only applies to those appeals which a state defendant may take as a matter of right.").

Doc. 17, p. 26-27.

Petitioner's objection merely restates his prior arguments that the Magistrate Judge has already considered and properly rejected. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same effect as a failure to object. *Id.* Because Petitioner merely repeated and restated previous arguments, and did not state any specific objection to the R&R, his objections are overruled.

Petitioner's objections are hereby overruled. The R&R is hereby ADOPTED IN WHOLE, and Menefee's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

3

IT IS SO ORDERED.

March 29, 2023                                     */s/ John R. Adams*
                                                               JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT JUDGE